Walenty J. Kasperski, Appellee, v. Stanley Karaskiewicz, Defendant, and Cicero State Bank, Garnishee. Frank G. Hajicek, Intervening Petitioner, Appellant.

Gen. No. 19,910.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. BENJAMIN W. POPE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed March 23, 1915. Rehearing denied April 8, 1915.

## Statement of the Case.

Action in attachment by Walenty J. Kasperski, plaintiff, against Stanley Karaskiewicz, defendant, to recover the sum of six hundred and fifty dollars, the Cicero State Bank being served as garnishee and Frank G. Hajicek filing an intervening petition.

The evidence shows that defendant obtained from plaintiff a loan of six hundred and fifty dollars, for the purpose of making a deposit on a bid which defendant was making on a contract to be awarded by the school district. Plaintiff deposited the amount in the Cicero State Bank in defendant's name, whereupon he drew a check for the amount, dated August 10, 1911, payable "to the order of Otto F. Heller, Sec'y School Dist. No. 99," which was certified by the bank and delivered by defendant to Heller for the purpose of deposit on the bid. On the failure of defendant to secure the bid, the check was returned to him by Heller without indorsement, on August 25, 1911. The garnishee in this action was served on the same day, but before the return of the check to defendant. On the following day, defendant and two others indorsed it and the check was cashed by the intervening petitioner's cashier, who testified that he knew and relied upon the additional indorsers and made no inquiry as to the lack of Heller's indorsement.

Heller entered appearance and filed an affidavit stating the facts relative to his receiving and returning the check and that neither he nor the board of education had any interest in the check.

From a judgment for plaintiff for six hundred and fifty dollars, the intervening petitioner appeals.

SMEJKAL, KLENHA & KRASA and CHARLES A. CHURAN, for appellant.

ROSS C. HALL, WILEY W. MILLS and WILLIAM H. HOLLY, for appellee.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

### Abstract of the Decision.

1. BANKS AND BANKING, § 126*—*when title to funds not passed by drawing and certification of check.* The mere drawing by a depositor of a check payable to the order of a third person and its certification by the drawee bank do not pass the title to the fund from the depositor to the payee where there is merely a conditional delivery of the check to the payee and the check is returned by the payee to the depositor.

2. BANKS AND BANKING, § 142*—*who not a holder of check in due course.* After the drawee bank had been served with garnishee summons against the drawer of a check payable to a third person, which it had certified, the drawer of the check and two others indorsed it and, without having the payee's indorsement, a third person relying on the additional indorsements, cashed it. *Held,* that such third person was not a holder in due course and that his equity was not superior to that of the plaintiff.

3. GARNISHMENT, § 76*—*who not necessary party.* Where the payee of a check drawn on a fund which it is sought to garnishee has returned the check to the drawer unindorsed and enters an appearance and files an affidavit denying any interest in or title to the check, it is not necessary that he be served with garnishee summons.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.